UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gordon Franklin, | Case No. 22-cv-2224 (ECT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden and Veteran Affair, | |
| Respondents. | |

---

Petitioner Gordon Franklin has been civilly committed pursuant to 18 U.S.C. § 4246 off and on since 1991. *See United States v. Franklin*, No. 20-3202, 2021 WL 5121253, at *1 (8th Cir. Nov. 4, 2021). Franklin was conditionally released in 2019, but within a year the government sought to have Franklin's conditional release revoked on the grounds that "Franklin failed to comply with his prescribed regimen of psychiatric care, and that his continued release would therefore create a substantial risk of bodily injury to another person, or serious damage to the property of another." *Id.* The United States District Court for the Western District of Missouri, which had conducted the initial commitment proceedings, agreed with the government and revoked Franklin's conditional release in 2020. *See United States v. Franklin*, No. 6:90-CV-3445 (MDH), ECF No. 169 (W.D. Mo. Sept. 18, 2020). As a result of the revocation, Franklin is now being detained at the Federal Medical Center in Rochester, Minnesota.

Within the span of less than two weeks, the Court received four petitions for a writ of habeas corpus from Franklin, including the petition used to commence this action. *See*

1

*also Franklin v. FMC Rochester*, No. 22-CV-2226 (MJD/LIB) (D. Minn. filed Sept. 12, 2022); *Franklin v. FMC Rochester*, No. 22-CV-2287 (WMW/DJF) (D. Minn. filed Sept. 19, 2022); *Franklin v. Warden*, No. 22-CV-2311 (ECT/JFD) (D. Minn. filed Sept. 21, 2022). (This is characteristic of Franklin, who has filed at least *fifty* habeas petitions during the course of his lengthy civil detention.) The first-filed of Franklin's four habeas petitions is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court concludes that Franklin's habeas petition should be denied and this matter dismissed.

As best this Court can tell (parts of the petition are nearly illegible), Franklin comes before the Court in this action on two unrelated sets of claims. First, Franklin challenges the legality of the most recent revocation of his conditional release (and perhaps the legality of his civil detention as a whole). Second, Franklin seeks monetary damages due to alleged violations of his constitutional rights during detention.[2]

Neither of these sets of claims is adequately pleaded. Much of Franklin's attack on the validity of his ongoing detention amounts to bits of legal terminology that are strung together into sentences that, put bluntly, make little sense. *See* Petition at 2 [ECF No. 1] ("<u>Facts</u> Sustain and confirm by the 5th amendment + due process of law and just compensation of the awarded of the mandate of a legal technical error by the prosecutor of

---

[1] Franklin's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).
[2] Franklin names "Veteran Affair" as a respondent to this action, but none of the allegations in the current petition appear to relate to the Department of Veterans Affairs.

2

the attorney general of the bench warrant of the infringe of the violation and abridge of the guarantee right granted unto the petitioner . . . ."). Although Franklin clearly believes that his constitutional rights were violated during the revocation proceedings, nowhere in the petition does Franklin set forth a sufficiently clear basis for relief to which the government could be reasonably expected to respond. At the very minimum, the petition falls short of the requirement of Rule 2(c)(2) of the Rules Governing Section 2254 Cases that the petition must "state the facts supporting each ground" for relief.

Much the same can be said regarding Franklin's claims for monetary relief; Franklin has failed to set forth plausible allegations that, if later proved to be true, would establish that his constitutional rights have been violated. Franklin's claims for monetary relief, however, also run into an additional, more fundamental problem: A petition for a writ of habeas corpus is not an appropriate procedural vehicle for procuring monetary damages. *See, e.g.*, *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999).

Accordingly, this Court will recommend that Franklin's habeas petition be denied and this matter dismissed. In light of the recommendation of denial of the habeas petition, it will further be recommended that Franklin's pending application to proceed *in forma pauperis* also be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Finally, a warning: A habeas petitioner is generally required to plead "all the grounds for relief available to the petitioner" within a single habeas petition, *see* Rule 2(c), Rules Governing Section 2254 Cases, and a habeas petition raising claims that could have been prosecuted in an earlier habeas proceeding may be deemed an abuse of the writ and summarily dismissed accordingly. *See McCleskey v. Zant*, 499 U.S. 467, 479-89 (1991).

There does not appear to have been any good reason for Franklin to have initiated four separate habeas proceedings in this District at roughly the same time. Regardless of whether the petition now before the Court could be deemed an abuse of the writ and dismissed on that basis alone, engaging in needlessly vexatious behavior might imperil Franklin from seeking habeas relief in the future on account of the abuse-of-the-writ doctrine. Moreover, "although pro se litigants have a right of access to the courts, that right does not encompass the filing of frivolous, malicious, or duplicative lawsuits." *Anderson v. Butts*, No. 21-CV-0937 (SRN/DTS), 2021 WL 1811846, at *2 (D. Minn. May 6, 2021) (citing *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988)). Franklin should therefore take care that any new proceedings brought by him in this District are initiated in good faith and not needlessly duplicative; failure to do so might result in Franklin's ability to initiate new litigation in this District being restricted absent representation by counsel or the advance permission of a judicial officer of this District.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Gordon Franklin [ECF No. 1] be **DENIED**.

2. Franklin's application to proceed *in forma pauperis* [ECF No. 4] be **DENIED**.

3. This case be **DISMISSED**.


Dated: October  19 , 2022

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Franklin v. Warden et al.*
Case No. 22-cv-2224 (ECT/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c)